UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DEAN ALLEN SNOW,<br><br>              Plaintiff,<br><br>vs.<br><br>KNOWN AND UNKNOWN LAW ENFORCEMENT OFFICERS AND GOVERNMENT PERSONNEL<br><br>              Defendants. | 5:24-CV-5089<br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff Dean Allen Snow filed a pro se lawsuit alleging various torts and constitutional violations related to state court proceedings involving criminal convictions as well as child custody and guardianship determinations. (Doc. 1). Mr. Snow moves for leave to proceed in forma pauperis. (Doc. 2). Additionally, Mr. Snow moves for appointment of counsel, several discovery requests, a stay of his state court criminal and domestic proceedings, and a stay of his sex offender registration requirement. (Doc. 1 PgID 3, 10, 12; Doc. 7). Having reviewed the motion, the Court finds that Plaintiff's motion to proceed in forma pauperis should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

I. **Motion for Leave to Proceed in Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). The Eighth Circuit has established parameters for addressing in

1

forma pauperis motions and has instructed that a petitioner's financial status should be evaluated first, and screening under 28 U.S.C. § 1915 should follow. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Mr. Snow's financial affidavit, this Court finds that he has insufficient funds to pay the filing fee. Thus, Plaintiff's motion for leave to proceed in forma pauperis, Doc. 2, is GRANTED.

**II.    1915A Screening**

**A. Factual Background**

Plaintiff's Complaint is filled with his legal conclusions about rights that were allegedly violated without identifying key dates or events that would form the factual basis of the claims. References to state court dockets for criminal, guardianship, and juvenile matters, together with allegations of "wrongful removal of children and unjust imprisonment" suggest that Plaintiff was the defendant in at least one criminal case, imprisoned (presumably in connection with the criminal matter(s)), lost custody of two children (presumably in connection with the criminal matter(s) and imprisonment), and claims that various irregularities or improprieties took place in the course of the criminal and child custody proceedings and in the investigations underlying those proceedings.

In Count I, Plaintiff alleges that he was unlawfully detained and wrongfully imprisoned in violation of his Fourth Amendment rights to be free from unreasonable searches and seizures. (Doc. 1 PgID 4, 9). In Count II, Plaintiff alleges that his Fourteenth Amendment rights to due

process were violated through "wrongful imprisonment, lack of effective counsel, and obstruction of appeals." (*Id.* at PgID 4, 9).

Count III is a claim for Conspiracy to Violate Civil Rights pursuant to 42 U.S.C. § 1985 alleging that Defendants "conspired to deprive Plaintiff of his constitutional rights through fabricated evidence and false accusations." (*Id.* at PgID 4). He also alleges "malicious prosecution" as part of Count III. (*Id* at PgID 9). Plaintiff alleges the Sturgis Police Department, Meade County Sheriff's Office, Child Protective Services, and his daughters' foster parents "coordinated . . . to obstruct justice and violate Plaintiff's constitutional rights . . . through a pattern of misconduct, including improper procedures, falsification of evidence, and obstruction of justice … to deprive Plaintiff of parental rights and due process." (*Id.* at PgID 7). From what the Court can gather from the complaint, this claim for conspiracy relates to both his state criminal conviction and domestic proceedings.

Count IV is a claim for Intentional Infliction of Emotional Distress based on the "wrongful" removal of Plaintiff's children and unjust imprisonment. (*Id.* at PgID 4). Count V is a claim for Loss of Consortium and Custodial Rights, alleging that his rights "to parent and maintain familial ties were unlawfully severed by Defendant's actions." (*Id.* at PgID 4).

Count VI is a claim for Ineffective Assistance of Counsel against Eric James Whitcher, Plaintiff's attorney in one if the state court domestic proceedings. (*Id.* at PgID 4). Plaintiff alleges that Mr. Whitcher deprived him of his right to appeal. (*Id.* at PgID 16).

Count VII is a claim for Malfeasance against the Judges who presided in Plaintiff's state court criminal and domestic proceedings. (*Id.* at PgID 4). Plaintiff alleges that the presiding Judges altered court records, "knowingly and intentionally violated Plaintiff's rights, and prevented him from having a fair hearing." (*Id.* at PgID 2, 4).

Finally, in liberally construing Plaintiff's pro se complaint, Plaintiff alleges a claim for defamation and assault and battery. Plaintiff alleges that he was "subjected to campaign of defamation and harassment." (*Id.* at PgID 8). Plaintiff also claims that he was the victim of an attempted murder through "unlawful actions and collusion with various government officials, including misuse of their authority and evidence tampering." (*Id.* at PgID 3, 5).

In support of his claims, Plaintiff asks the Court to review a TikTok page identified as "Silver Vein Official." (*Id.* at PgID 9). The Court declines Mr. Snow's invitation to follow this link and, further, declines to download the videos and images from TikTok. This might be a useful place for Plaintiff to keep track of documents and files it wishes to access, but it is not an appropriate repository for the Court. Plaintiff asserts that the "content, when reviewed in chronological order from earliest to most recent, provides a clear narrative of events, documenting key incidents and showing how Defendants' actions led to the wrongful imprisonment of Plaintiff . . . and reveals an undeniable pattern that supports Plaintiff's claims of wrongful imprisonment and conspiracy." (*Id.*). Plaintiff acknowledges that these materials are "integral to establishing Plaintiff's innocence and the misconduct of Defendants." (*Id.*). The Court will not download the videos and images from TikTok and will only examine materials that are properly filed with the clerk of courts. At this stage, the Court would only expect to review materials submitted as legible written attachments to the Complaint. *See* Rule 10 of Federal Rules of Civil Procedure. ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Lastly, Plaintiff's complaint has identified more than forty individuals and entities who are in some way or another involved in the events that led to filing his Complaint. Ten of these individuals are identified in the language of the Complaint as "plaintiffs" but have not signed the

Complaint.[1] A pro se plaintiff has no right to represent another individual in federal court. *Steele v. City of Bemidji*, 257 F.3d 902, 905 (8th Cir. 2001). In turn, these ten individuals are not properly named plaintiffs and do not appear on the docket. The Civil Cover Sheet filed with the Complaint indicates that Plaintiff Dean Allen Snow also intends to file this suit as a class action, which means that Mr. Snow would like to represent other similarly situated individuals who are not named.[2] (*Id.* at PgID 46). An individual's right to plead and conduct his own claims does not entail a "concomitant right to litigate the claims of other individuals" and pro se plaintiffs' attempts to represent a class are generally denied. *Morris v. Russell Cnty. Sheriff Dep't*, No. 3:24-CV-650-MHT-CSC, 2024 WL 4906765, at *1 (M.D. Ala. Nov. 13, 2024), *report and recommendation rejected as moot*, No. 3:24CV650-MHT, 2024 WL 4906486 (M.D. Ala. Nov. 27, 2024) (recognizing withdrawal of plaintiff motion for class certification); *see, e.g., Sillah v. Davis*, 252 F. Supp. 2d 589, 597 (W.D. Tenn. 2003) (a *pro se* litigant is not an adequate class representative); *Day v. Wall*, No. CA 08-094 ML, 2008 WL 4773054, at *1 (D.R.I. Oct. 30, 2008) ("In the case of multiple *pro se* plaintiffs, each plaintiff must sign each pleading, written motion and other paper."); *Graham v. Perez*, 121 F. Supp. 2d 317, 321 (S.D.N.Y. 2000) ("[P]ro se plaintiffs cannot act as

---

[1] Individuals identified in the complaint as plaintiffs, but not so named on the docket are: Jaime Lynn Chipowsky; Gabriel Damien Chipowsky, Trinity Marie Chipowsky, Linda Marie Cochrun, David John Cochrun, Tamera Vetter Snow, Velda Marie Snow Dennis, Travis Clay Snow, Deanna Lynn Snow, and Russell Duan Swanson (deceased), represented by Linda Marie Cochrun.

[2] A requirement for proceeding in a class action is that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). An individual's right to plead and conduct his own claims does not entail a "concomitant right to litigate the claims of other individuals" and pro se plaintiffs' attempts to represent a class are generally denied. *Morris v. Russell Cnty. Sheriff Dep't*, No. 3:24-CV-650-MHT-CSC, 2024 WL 4906765, at *1 (M.D. Ala. Nov. 13, 2024), *report and recommendation rejected as moot*, No. 3:24CV650-MHT, 2024 WL 4906486 (M.D. Ala. Nov. 27, 2024) (recognizing withdrawal of plaintiff motion for class certification). *See, e.g., Sillah v. Davis*, 252 F. Supp. 2d 589, 597 (W.D. Tenn. 2003) (a *pro se* litigant is not an adequate class representative); *Day v. Wall*, No. CA 08-094 ML, 2008 WL 4773054, at *1 (D.R.I. Oct. 30, 2008) ("In the case of multiple *pro se* plaintiffs, each plaintiff must sign each pleading, written motion and other paper."); *Graham v. Perez*, 121 F. Supp. 2d 317, 321 (S.D.N.Y. 2000) ("[P]ro se plaintiffs cannot act as class representatives."). In the present order, the Court need not reach the issue of class certification.

class representatives."). The Court construes Mr. Snow's Complaint as asserting claims on his behalf only.

The Complaint identified as "Defendants" the "Known Law Enforcement Officers and Government Personnel (e.g. police officers, CPS workers, or other governmental figures directly involved in the wrongful actions)" and "Unknown Law Enforcement Officers and Government Personnel (those whose identifies are presently unknown but are responsible for the unlawful actions alleged)." Roughly thirty other individuals in the Complaint are not clearly identified as parties,[3] and although the Complaint alleges grievances against some of these individuals, the Court is unwilling to speculate as to whether they are among the "Known Law Enforcement Officers and Government Personnel" identified as "defendants."[4] If such individuals are identified clearly as defendants in a future complaint (and not otherwise subject to dismissal), the Court would consider them as defendants. One individual is identified in the Complaint as a "witness."[5]

### B. Legal Standard

Congress has directed this Court under 28 U.S.C. § 1915(e)(2)(B) to review and screen claims in a complaint being filed in forma pauperis to determine if they are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. 28 U.S.C. § 1915(e)(2)(B).

---

[3] Robin Lynn Chipowsky, Andrew Joel Chipowsky, Jennifer Johnson, Bruce Alva Hubbard (deceased), Bruce Alva Hubbard's Estate, Jerome Eckrich, Jerry Davidson, Michelle Comer, Jim Seward, Amber Richey, Karen Paige Hunt Sturgis Police Department, Meade County Sheriff's Office, Lawrence County Sheriff's Office, Butte county Sheriff's Office, Meade County Prosecutor's Office, Kevin Krull, John Bastion, Randall H. Macy, Warren G. Johnson, Bryce Flint, Eric James Whitcher, Ruth Heiser, Ray Rice, Julie Rice, Russel Duan Swanson's Estate, Jennifer Johnson, and Deborah Hughes.
[4] As the Complaint was submitted to the Court, language at the margins of the document was cut off on various pages, but the Court cannot assume that there is language identifying these individuals as defendants where no such language appears on the document.
[5] Karen Griffith is identified as a "witness" from Black Hills Counseling who supports Plaintiff's claims. (Doc. 1 PgID 2).

6

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) (quoting *Neitzke v. Williams*, 480 U.S. 319, 325 (1989)). A complaint states a claim upon which relief may be granted if it contains sufficient factual matter, accepted as true to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A plaintiff must demonstrate a plausible claim for relief that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. (citation omitted)*.

A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A reviewing court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d

1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)) (explaining that federal courts are not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded.).

## C. Legal Analysis

As outlined below, pro se Plaintiff Dean Allen Snow recites various legal theories and forms of relief that he is seeking. Because Mr. Snow is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915A. Based on that review, and for the reasons discussed below, the Court will dismiss this case without prejudice.

### 1. Subject Matter Jurisdiction

Federal courts are, by design, courts of limited jurisdiction, possessing only the jurisdictional authority granted by the United States Constitution and Congress. *Spreitzer Properties, LLC v. Travelers Corp.*, 599 F.Supp.3d 774, 778-79 (D. Iowa 2022); *see also Marine Equipment Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993) (stating that federal courts "have only the power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto."). In every federal case, "the threshold inquiry... is whether the court has jurisdiction" and the Eighth Circuit has directed "district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." *Flandreau Santee Sioux Tribe v. United States*, 565 F.Supp.3d 1154, 1163 (D.S.D. 2021) (quoting *Winnebago Tribe of Neb. v. Babbitt*, 915 F.Supp.157, 162 (D.S.D. 1996)). "Subject matter jurisdiction can never be waived or forfeited." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 838 (8th Cir. 2022).

Because jurisdiction is a threshold requirement, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976,

982 (8th Cir. 2009). *See also City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010) ("Federal courts have an independent duty to determine subject matter jurisdiction, even where the matter is raised for the first time on appeal and on the court's own motion"). The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). *See also Magee v. United States*, 9 F.4th 675, 680 (8th Cir. 2021) ("The burden of proving the existence of subject matter jurisdiction rests with the party invoking federal jurisdiction").

### a. Domestic Relations Exception to Federal Jurisdiction

Since *Barber v. Barber*, 62 U.S. 582, 584 (1858), federal courts have disclaimed jurisdiction over any action involving domestic relations. *Wallace v. Wallace*, 736 F.3d 764, 766 (8th Cir. 2013) (citing *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994)). Additionally, in *Kahn*, the Eighth Circuit recognized that even when a cause of action does not precisely fit into the contours of family law, if the claims closely relate to an action for divorce, alimony, or child custody, federal courts should abstain from exercising jurisdiction. *See* 21 F.3d at 861 (Reasoning that the "claims for relief, although drafted to sound in tort, are so inextricably intertwined with the prior property settlement incident to the divorce proceeding that subject matter jurisdiction does not lie in the federal court."). *See also Frawley v. Schutt*, No. 24-cv-90, 2021 WL 5415326 at *6 (E.D. Mo. Feb. 19, 2021) ("The family law exception to federal jurisdiction applies even when a party is alleging a violation of federal law. Courts may not resolve child custody questions regardless of the reason a party believes a custody decision is invalid, even if there is an allegation of a constitutional violation."). A federal suit is "inextricably intertwined" with a state domestic proceeding when "the requested federal remedy overlaps with the remedy at issue in the state proceeding." *Wallace*, 736 F.3d at 767. This occurs where "in addressing the same conduct

involved in a state domestic proceeding, the effect of a remedy in the federal suit is to modify, nullify, or predetermine the domestic ruling of the state proceeding." *Id.*

As the Court explains below, Counts III, IV, V, and VII of Plaintiff's complaint are "inextricably intertwined" with state court child custody and guardianship proceedings. Although Plaintiff drafted Counts III, IV, V, and VII to allege torts and civil rights violations, the effect of a remedy in the current suit would modify or nullify the state court domestic rulings. Count III is a claim for conspiracy to violate civil rights alleging that Defendants coordinated to violate Plaintiff's constitutional rights and the wrongful removal of his children. Plaintiff is a seeking declaratory and injunctive relief requesting this Court to declare that the adverse custody determination violated his constitutional rights and to stay all pending state court proceedings related to the child custody and guardianship cases. This would require this Court to declare as null and void orders entered in state domestic proceedings. Likewise, Count VII is a claim for malfeasance alleging that the presiding state court Judge in his child custody case altered court records and prevented him from having a fair hearing. This too would require a finding that the state court orders are null and void. Plainly then, Counts III and VII are inextricably intertwined with state domestic proceedings and this Court lacks subject matter jurisdiction under the domestic relations exception to federal jurisdiction.

Counts IV, V, are claims for emotional distress and loss of consortium in which Plaintiff seeks compensatory and punitive damages related to the emotional, psychological and financial harm caused by the "wrongful" loss of his parental rights. As the Eighth Circuit reasoned in *Kahn*, the district court lacked subject matter jurisdiction because the requested federal remedy overlapped with the remedy at issue in the state proceeding. *See* 21 F.3d at 861-62. In *Kahn*, the court pointed to a Missouri statute requiring the divorce court to consider "*'the conduct of the*

*parties during the marriage*'" when distributing marital property. *Id.* at 861 (quoting Mo.Ann.Stat. § 452.330.1) (emphasis in the original). The court concluded that because the tort claims in the federal suit were based on the same wrongful conduct considered by the divorce court, the federal tort action would require the court to "inquire into matters directly relating to the marital relationship." *Id.* at 862. Thus, the claims were so "inextricably intertwined" with the state divorce proceeding placing them beyond the scope of federal jurisdiction. *Id.* at 861-62.

Here, proof of Plaintiff's claims would require a finding that the state court custody decision was "wrongful" and intended to inflict emotional distress. Not only would this work to invalidate the state court orders, but like *Kahn*, this would also require the Court to inquire into matters directly relating to the best interests of the child, factors considered by the state court in its custody determination. *See* SDCL § 24-4-45 (providing that "In awarding the custody of a child, the court shall be guided by consideration of what appears to be for the best interests of the child in respect to the child's temporal and mental and moral welfare."). Therefore, Counts III, IV, V, and VII are "inextricably intertwined" with state court domestic proceedings and beyond the scope of federal jurisdiction.

### b. *Younger* Abstention Doctrine

In *Younger v. Harris*, 401 U.S. 37, 54 (1971), the United States Supreme Court held that absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions. In *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982), the Supreme Court extended *Younger* abstention to noncriminal state proceedings. *Younger* abstention is appropriate where the following factors are satisfied: "(1) the existence of an ongoing state judicial proceeding, (2) which implicates important state interests,

and (3) which provides an adequate opportunity to raise constitutional challenges. *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004).

To the extent that the South Dakota state court proceedings Plaintiff seeks to challenge are ongoing, all three factors are present in this case. First, there are ongoing South Dakota criminal, child custody, and guardianship proceedings. Second, the South Dakota criminal, child custody, and guardianship proceedings implicate important state interests. *See Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012) ("[T]here is no doubt that state-court proceedings regarding the welfare of children reflect an important state interest that is plainly within the scope of the [*Younger*] doctrine."); *Lewis v. Seventh Cir. Ct. – S.D. Unified Jud. Sys.*, No. 18-CV-05071, 2018 WL 7247048, at *3 (D.S.D. Nov. 28, 2018) (explaining that domestic relations is "a traditional area of state concern where federal abstention is particularly appropriate."); *Younger*, 401 U.S. at 51-52 (Explaining the substantial state interest in "carrying out the important and necessary task" of enforcing its criminal laws.). Finally, Plaintiff does not allege that the South Dakota rules of civil procedure and appellate procedure do not permit him to raise constitutional challenges.

Thus, because all three elements for *Younger* abstention are satisfied, the Court must abstain from exercising jurisdiction over Counts III, IV, V, and VII and dismiss them without prejudice. *See Frederick of the Fam. Gonora v. Off. of Child Support Servs.*, 783 F. App'x 250, 252 (3d Cir. 2019) (per curiam) (holding that district court properly applied the *Younger* abstention doctrine when declining to exercise jurisdiction and dismissing civil rights action arising out of ongoing child support proceeding); *Adams v. State of Fla.*, 185 F. App'x 816, 816–17 (11th Cir. 2006) (per curiam) (affirming dismissal under the *Younger* abstention doctrine a § 1983 action seeking to enjoin a civil contempt finding in child support enforcement proceeding). Likewise,

Plaintiff's request to stay his state court domestic proceedings, state court criminal proceedings, and sex offender registration requirement is denied.

### c. *Rooker-Feldman* Doctrine

To the extent Plaintiff's claims can be construed as asking the Court to determine that certain state court decisions relating to child custody were incorrect or based on insufficient processes, this Court lacks subject matter jurisdiction to engage in appellate review of sate court determinations. *See Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005) (Under the *Rooker-Feldman* doctrine, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments.") (internal quotation omitted). If a constitutional claim presented to the district court is "inextricably intertwined with the state court's denial in a judicial proceeding . . . then the District Court is in essence being called upon to review the state court decision. This the District Court may not do." *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983).

Federal constitutional claims, are "inextricably intertwined" with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." *Ace Constr. v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001) (internal quotation omitted). The *Rooker-Feldman* doctrine most often applies to "cases brought by state-court losers complaining of injuries caused by the state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). As discussed above, Plaintiff requests declaratory and injunctive relief seeking to have this Court declare that the adverse custody determination violated his constitutional rights and to stay all pending state court proceedings related to child custody and guardianship determinations. Further, Plaintiff seeks

Case 5:24-cv-05089-LLP   Document 8   Filed 06/27/25   Page 14 of 17 PageID #: 77

punitive and compensatory damages related to the emotional, psychological and financial harm caused by the "wrongful" loss of his parental rights. Thus, Counts III, IV, V, and VII are inextricably intertwined with the state court custody determinations as they only succeed if the state court orders are found to be incorrect or void. The *Rooker–Feldman* doctrine precludes this Court from declaring the South Dakota state court orders void. *See Cassell v. Cnty. of Ramsey*, No. 10-cv-4981, 2012 WL 928242, at *4 (D. Minn. Mar. 19, 2012) (holding that the *Rooker-Feldman* doctrine precludes a district court from granting injunctive relief by vacating orders in state court child custody and support proceedings).

### 2. Failure to State a Claim

In *Heck v. Humphrey*, the United States Supreme Court held that

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis in the original). Count I in in Plaintiff's complaint alleges that he was unlawfully detained and wrongfully imprisoned in violation of his Fourth Amendment rights to be free from unreasonable search and seizure. Presumably in connection with the same state criminal proceeding, Count II alleges that his Fourteenth Amendment rights to due process were violated through wrongful imprisonment, ineffective counsel, and obstruction of appeals.

If this Court were to find that Plaintiff was unlawfully imprisoned in violation of the Fourth Amendment and or did not receive due process in the state court criminal proceedings that followed, this finding would render Plaintiff's conviction invalid. Therefore, under *Heck*, in order

for Plaintiff to state a cognizable § 1983 claim he must prove that his conviction was either "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* Simply put, Plaintiff has not done so. Accordingly, Counts I and II do not state a cognizable § 1983 claim and are dismissed without prejudice.

The final enumerated claim that remains is Count VI, a claim for ineffective assistance of counsel against Eric James Whitcher, Plaintiff's attorney in one of the state court domestic proceedings. (Doc. 1 PgID 16). Although labeled as "ineffective assistance," this is really a claim for legal malpractice. Ineffective assistance of counsel is a claim used to challenge a criminal conviction based on the Sixth Amendment right to receive a fair trial. *See Strickland v. Washington*, 466 U.S. 668 (1984). Here, Mr. Whitcher was allegedly Plaintiff's attorney in one of the state court child custody proceedings, thus the proper claim against Mr. Whitcher would be one for legal malpractice.

Nevertheless, even with the benefit of liberal construction, Plaintiff's complaint fails to provide sufficient factual allegations to support a claim for legal malpractice. In South Dakota, to state a claim for legal malpractice, a plaintiff must prove: "(1) the existence of an attorney-client relationship giving rise to a duty, (2) the attorney, either by an act or failure to act, breached that duty, (3) the attorney's breach of duty proximately caused injury to the client, and (4) the client sustained actual damage." *Peterson v. Issenhuth*, 2014 S.D. 1, ¶ 15, 842 N.W.2d 351, 355. The only allegation in support of Count VI is that Mr. Whitcher deprived Plaintiff of his right to appeal and obstructed the appeal process. (*Id.* at PgID 16). Clearly, this is insufficient, and this Court will not supply additional facts to support Plaintiff's claim. *See Stone*, 364 F.3d at 914-15 (explaining that federal courts are not required to supply additional facts for a pro se plaintiff nor

construct a legal theory that assumes facts which have not been pleaded.). Accordingly, Count VI fails to state a claim and is dismissed without prejudice.

To summarize, the Court has dismissed Counts III, IV, V, and VII for lack of subject matter jurisdiction, and dismissed Counts I, II, and VI for failure to state a claim upon which relief can be granted. Although unnumbered as a separate claim, in liberally construing Plaintiff's complaint, he also alleges a claim for defamation and assault and battery. Like Count VI, however, Plaintiff's Complaint does not contain sufficient factual allegations to support either claim.

In South Dakota, to state a claim for defamation a plaintiff must show "a false and unprivileged publication ... which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." SDCL §20-11-3. The only allegation in support of Plaintiffs defamation claim is that he was subjected to "campaign of defamation and harassment." (Doc. 1 PgID 8). This is insufficient, and Plaintiff's defamation claim is dismissed without prejudice for failure to state a claim.

To state a claim for civil assault and battery in South Dakota, a plaintiff must show that the defendant: "(a) [intended] to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact; and (b) an offensive contact with the person of the other directly or indirectly results." *Reeves v. Reiman*, 523 N.W.2d 78, 82 (S.D.1994). The only allegation in support of assault and battery is that Plaintiff claims that he was the victim of an attempted murder through "unlawful actions and collusion with various government officials, including misuse of their authority and evidence tampering." (*Id.* at PgID 3, 5). Once again, this is insufficient and is dismissed without prejudice for failure to state a claim.

### III.    Other Miscellaneous Motions

Mr. Snow also moves the Court to appoint counsel. (Doc. 1, at 10). "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)). "In civil rights matters the court *may* pursuant to 28 U.S.C. § 1915 request an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982) (internal quotations and citation omitted).

Plaintiff further requests that the Court issue arrest warrants in connection with his claimed attempted murder. Finally, Plaintiff makes several discovery requests including the appointment of a digital forensic expert, forensic document examiner, and the production of several court transcripts. Since the Complaint is dismissed, albeit without prejudice, the request to appoint counsel, issue arrest warrants, appoint experts, and order discovery are all denied as moot.

### IV.   Conclusion and Order

For the reasons stated above, IT IS HEREBY ORDERED:

1. That Plaintiff's motion to proceed in forma pauperis, Doc. 2, is granted;

2. That Plaintiff's Complaint, Doc. 1, is dismissed in its entirety without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(I and ii) and Rule 12(h)(3) of the Federal Rules of Civil Procedure; and

3. Plaintiff's motion to stay his state court domestic proceedings, state court criminal proceedings (Doc. 1), and his related sex offender registration requirement (Doc. 7) is denied pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

DATED this 27th day of June, 2025.

BY THE COURT:

/s/ Lawrence L. Piersol
LAWRENCE L. PIERSOL
United States District Judge

17